Filing # 147127950 E-Filed 04/06/2022 08:16:37 AM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

BRIAN SHAND,
and others similarly situated,

    Plaintiffs,

vs.      Case No. _____

SEATBELT SOLUTIONS, LLC,
a Florida Limited Liability Company,
JEFF BIEGUN HOLDINGS, LLC,
a Florida Limited Liability Company,
and JEFFERY L BIEGUN,
Individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, BRIAN SHAND ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, SEATBELT SOLUTION, LLC, JEFF BIEGUN HOLDINGS, LLC and JEFFERY L BIEGUN, (collectively "Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Port St. Lucie, Fl, not within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant SEATBELT SOLUTIONS, LLC is a Florida Limited Liability Company having its main place of business in Jupiter, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant JEFF BIEGUN HOLDINGS, LLC is a Florida Limited Liability Company having its main place of business in Jupiter, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Defendant JEFFERY L BIEGUM is an individual officer of the Defendant Corporation SETABELT SOLUTIONS, LLC and has operational control over Defendant as it pertains to plaintiff's claims in this case.

7. Venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County and payment was due in Palm Beach County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff performed work for Defendants as a Machinist from March 26, 2019 through April 1, 2022.

11. Plaintiff was to be paid $30 per hour.

12. Plaintiff was not paid for all hours and overtime hours worked.

13. Defendant required Plaintiff to work on average 50 hours per week and was not paid overtime.

14. Defendant did not keep track of hours worked only paying Plaintiff a weekly check equal to 40 hours.

15. Plaintiff complained about unpaid wages on multiple occasions to the owners/managers, Jeffery Biegun, son Ryan Biegun and daughter Lauren Biegun who runs HR.

16. Defendant Jeffery Biegun is the owner of Jeffery Biegun Holdings, LLC which owns and operates many companies in the same location, all with joint ownership and control and engages in a behavioral pattern where he has employees working for one of the companies, pays through another company and seemingly randomly allocates expenses and employees throughout the companies leaving employees not only unpaid but improperly classified and listed with the wrong companies as their employers.

17. Plaintiff was constructively terminated in retaliation for complaints about unpaid wages unreasonable work hours and the fact that though he complained many times over a long period of time, he was forced to work overtime without pay.

18. Throughout his employment, Plaintiff performed his work at satisfactory or above-satisfactory levels. Any reason proffered by Defendant for Plaintiff's treatment is merely pretext for unlawful retaliation.

19. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be

properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

20. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against SETABELT SOLUTION, LLC*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

22. This action is brought by Plaintiff to recover from Defendants unpaid compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

23. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

26. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

28. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

29. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

30. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
***Wage & Hour Federal Statutory Violation Against JEFF BIEGUN HOLDINGS, LLC***

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from Defendants unpaid compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines

of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

39. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

N. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Wage & Hour Federal Statutory Violation Against JEFFERY L BIEGUM*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

42. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, REMEDIAL PRO, LLC.

43. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

44. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

45. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

N. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### *FLSA Retaliation against SEATBELT SOLUTION, LLC.*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

47. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

48. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

49. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

50. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

O. Adjudge and decree that Defendant has violated the FLSA and has done so

   willfully, intentionally and with reckless disregard for Plaintiff rights;

P.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

Q.  Award Plaintiff an equal amount in double damages/liquidated damages; and

R.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

S.  Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT V
### *FLSA Retaliation against SEATBELT SOLUTION, LLC.*

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

52. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

53. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

54. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

55. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

T.  Adjudge and decree that Defendant has violated the FLSA and has done so

willfully, intentionally and with reckless disregard for Plaintiff rights;

U. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

V. Award Plaintiff an equal amount in double damages/liquidated damages; and

W. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

X. Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT VI
### *FLSA Retaliation Violation Against JEFFERY L BIEGUN*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this Complaint as if set out in full herein.

57. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

58. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

59. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

60. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

T. Adjudge and decree that Defendant has violated the FLSA and has done so

willfully, intentionally and with reckless disregard for Plaintiff's rights;

U. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

V. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

W. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

X. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

Y. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Date: XXXXXXX.

Respectfully submitted,

/s/ *Daniel H. Hunt*
**Daniel H. Hunt, Esq.**
Florida Bar No.: 121247
dhuntlaw@gmail.com
P.O. Box 565096
Miami, FL 33256
Telephone: (305) 495-5593

Filing # 147759173 E-Filed 04/15/2022 08:59:08 AM

# RETURN OF SERVICE

Court Stamp Here

| Court | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA | |
|---|---|---|
| Plaintiff | BRIAN SHAND, and others similarly situated | Case # 50-2022-CA-003192-XXXX-MB |
| Defendant | SEATBELT SOLUTIONS, LLC, a Florida Limited Liability Company, JEFF BIEGUN HOLDINGS, LLC, a Florida Limited Liability Company, and JEFFERY L BIEGUN, Individually | Hearing Date |
| Person to be Served | Jeff Biegun Holdings, LLC | Came to Hand Date/Time 4/13/2022 10:22 AM |
| Manner of Service | Corporate | Service Date/Time 4/14/2022 2:22 PM |
| Documents | SUMMONS IN A CIVIL ACTION;COMPLAINT | Service Fee $75.00 |

On **4/14/2022** at:
**3300 PGA Boulevard unit 700, Palm Beach Gardens, FL 33410** I served **Jeff Biegun Holdings, LLC** by:

Leaving **1** copy(ies) of this process with **Ron Jacobson**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Ron Jacobson who indicated they were the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white male contact 45-55 years of age, 5'10"-6'0" tall and weighing 180-200 lbs with glasses**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Christopher Wilson_     1013     04/14/2022
Christopher Wilson     Process Server ID     Date Executed

Ref REF-9889602

 Daniel H. Hunt, Esq.

Tracking # 0085692064

*** FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK.  04/15/2022 08:59:08 AM ***

Filing # 147905793 E-Filed 04/19/2022 06:52:27 AM

# RETURN OF SERVICE

Court Stamp Here

| | | |
|---|---|---|
| **Court** | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA | |
| **Plaintiff** | BRIAN SHAND, and others similarly situated | **Case #** 50-2022-CA-003192-XXXX-MB |
| **Defendant** | SEATBELT SOLUTIONS, LLC, a Florida Limited Liability Company, JEFF BIEGUN HOLDINGS, LLC, a Florida Limited Liability Company, and JEFFERY L BIEGUN, Individually | **Hearing Date** |
| **Person to be Served** | Seatbelt Solutions, LLC, Registered Agent c/o Jeffery L. Biegum, REGISTERED AGENT | **Came to Hand Date/Time** 4/11/2022   5:34 PM |
| **Manner of Service** | Corporate | **Service Date/Time** 4/18/2022   10:08 AM |
| **Documents** | SUMMONS IN A CIVIL ACTION;COMPLAINT | **Service Fee** $75.00 |

On **4/18/2022** at:
**1290 WESTON ROAD SUITE 218, Weston, FL 33326** I served **Seatbelt Solutions, LLC, Registered Agent c/o Jeffery L. Biegum, REGISTERED AGENT** by:

Leaving **1** copy(ies) of this process with **Craig Weiss**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Craig Weiss who indicated they were the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a bald white male contact 55-65 years of age, 5'8"-5'10" tall and weighing 160-180 lbs**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*JOSEPH MARKER*

| Joseph S Marker | 613 Process Server ID | 04/18/2022 Date Executed |

Ref **REF-9889602**





Daniel H. Hunt, Esq.

Tracking # 0085790987

*** FILED: PALM BEACH COUNTY, FL   JOSEPH ABRUZZO, CLERK. 04/19/2022 06:52:27 AM ***

Filing # 147905793 E-Filed 04/19/2022 06:52:27 AM

# RETURN OF SERVICE

Court Stamp Here

| | | |
|---|---|---|
| **Court** | IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA | |
| **Plaintiff** | BRIAN SHAND, and others similarly situated | **Case #** 50-2022-CA-003192-XXXX-MB |
| **Defendant** | SEATBELT SOLUTIONS, LLC, a Florida Limited Liability Company, JEFF BIEGUN HOLDINGS, LLC, a Florida Limited Liability Company, and JEFFERY L BIEGUN, Individually | **Hearing Date** |
| **Person to be Served** | Jeffery L. Biegun | **Came to Hand Date/Time** 4/16/2022   8:42 AM |
| **Manner of Service** | Substitute | **Service Date/Time** 4/18/2022   10:08 AM |
| **Documents** | SUMMONS IN A CIVIL ACTION;COMPLAINT | **Service Fee** $75.00 |

On **4/18/2022** at:
**1290 WESTON ROAD SUITE 218, Weston, FL 33326** I served **Jeffery L. Biegun** by:

Personally leaving **1** copy(ies) of **SUMMONS IN A CIVIL ACTION and COMPLAINT** at his/her usual place of abode with **Craig Weiss**, who is 15 years of age or older, a person residing therein of who confirmed the Defendant resides at the above address and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to Craig Weiss who indicated they were the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a bald white male contact 55-65 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.  Craig Weiss is the attorney who accepted on subjects behalf

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*JOSEPH MARKER*

| Joseph S Marker | 613 | 04/18/2022 |
|---|---|---|
| | Process Server ID | Date Executed |

Ref **REF-9889602**



**abclegal**   Daniel H. Hunt, Esq.

Tracking # 0085791019