UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-80693-DMM

BRIAN SHAND,

    Plaintiff,

vs.

SEATBELT SOLUTIONS, LLC, *et al*.,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Brian Shand, and Defendants, Seatbelt Solutions, LLC, Jeff Biegun Holdings, LLC and Jeffery L. Biegun (collectively, "Defendants"), pursuant to the Order of Judge Matthewman on October 18, 2022 and the Eleventh Circuit's requirements for the dismissal of claims under the Fair Labor Standards Act ("FLSA"), hereby jointly submit this motion for the approval of the parties' settlement and dismissal with prejudice of all claims. RJS Racing Equipment, LLC joins in this settlement though not named as a defendant.

**BRIEF CASE HISTORY**

Plaintiff originally filed this claim in State Court on April 6, 2022. The claim was removed to Federal Court on May 4, 2022 [DE 1]. Defendant filed a Motion to Dismiss on May 18, 2022 [DE 5]. Plaintiff filed an Amended Complaint in response to same [DE 8]. The counts included in the Amended Complaint include FLSA violations as well as a count under the Florida Whistleblower Statute. Defendant filed a Motion to Dismiss on June 10, 2022 [DE 10]. Plaintiff

Case No. **9:22-cv-80693-DMM**

responded to the Motion to Dismiss on June 22, 2022 [DE 11]. A scheduling order issued [DE 12] and a settlement conference was requested and occurred on October 18, 2022 with Judge Matthewman [DE 22]. The matter has settled.

## **LEGAL DISCUSSION**

FLSA claims may only be released upon the approval of the Court or the Secretary of Labor. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982). Courts will approve a settlement if it is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provision." *Id*. at 1354. Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994). Consideration of these factors warrants approval of the parties' agreement to dismiss this case with prejudice and the settlement presented separately to Judge Matthewman per his order on October 18, 2022.

1. **The Existence of Fraud or Collusion Behind the Settlement**.

Both sides have been represented throughout this case by counsel with decades of experience litigating FLSA claims. In the good faith discussions that lead to this settlement, Defendant provided a significant volume of objective evidence, including numerous relevant

Case No. **9:22-cv-80693-DMM**

communications to which Plaintiff was a party. Plaintiff reviewed the evidence carefully, and with advice of counsel, agreed to settle his claim on the referenced terms. The Court has no reason to be concerned that the resolution was procured through fraud or collusion. Furthermore, and on the record, Judge Matthewman asked appropriate questions of all counsel and parties in this regard and was satisfied as to the answers as no subsequent questions or issues were raised.

    2.    **The Complexity, Expense, and Likely Duration of Litigation**.

By most FLSA case standards, this was a straightforward case. Whereas many FLSA claims are brought as class and/or collective actions, this was a single-plaintiff case involving an employee who worked for Seatbelt Solutions for three years before he resigned. The matter was set for trial on the Court's January 2023 trial calendar and set on an expedited discovery track under the Southern District of Florida Local Rules. The parties exchanged hundreds of pages of discovery documents and answered interrogatories. As in most any litigation, both sides were set to incur significant discovery expense for depositions and to bring witnesses to trial, as several of Plaintiff's key witnesses are not local, and the case would have required several depositions. Based on the relative simplicity of the case and the experience of his counsel, Plaintiff was able to review all of the respective evidence and potential witnesses, confer with his attorneys, and determine that the risk of significant expense outweighed his likelihood of success, rendering this settlement his best option.

    3.    **The Stage of the Proceedings and the Amount of Discovery Completed.**

At the time of this settlement, the parties had exchanged their Initial Disclosures

pursuant to Federal Rule of Evidence 26, supporting documents and, as discussed, and scheduled depositions. Discovery was to end on November 4, 2023 and trail is in a few months. Based on the records and brief duration of Plaintiff's employment, Plaintiff and his counsel were able to reach a substantial conclusion about the likelihood of success on the merits.

4. **The Probability of Plaintiff's Success on the Merits**.

As referenced, Seatbelt Solutions has an outstanding Motion to Dismiss and the results of that motion could have limited plaintiff's claims and/or remove one or both of the outstanding counts in the Complaint including the FLSA and FWA claims.

5. **The Range of Possible Recovery.**

Plaintiff filed a statement of claim alleging close to $150,000.00 in unpaid overtime wages including liquidated damages as well as additional possible damages for compensatory or front wages. Plaintiff responded in his discovery responses that actual unpaid wages were close to $30,000.00. There was a possibility that plaintiff could recover a limited or no amount of damages were the Jury to determine that he was in fact a salaried employee and not underpaid. The alternative theory exists also but Plaintiff feels that the resolution secured through the settlement conference presided over by Judge Matthewman resulted in a fair and just result.

6. **The Opinions of Class Counsel, Class Representatives, and the Substance and Amount of Opposition to the Settlement.**

The sixth *Leverso* factor is not directly on point because this is not a class or collective

Case No. **9:22-cv-80693-DMM**

action. However, the parties reiterate that Plaintiff at all times was represented by experienced counsel and Plaintiff and his counsel are of like mind that this settlement is in Plaintiff's best interest moving forward.

The settlement agreement, once signed will be emailed to Judge Matthewman and not filed in the EMF/CMS System, it will be in a separate confidential email and will not be a part of the record.

## **CONCLUSION**

Based on the foregoing, the parties respectfully request that the Court approve this proposed resolution of the case, grant this motion, and enter an Order of Dismissal with Prejudice, each party to bear its own attorney's fees and costs.

Jointly moved this 20th day of October, 2018.

Respectfully submitted,

Adi Amit, P.A.
*Attorneys for Defendant*
101 Centre
101 N.E. Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail: Adi@DefenderOfBusiness.com

By: /s/*Adi Amit*
Adi Amit, Esquire
Florida Bar No. 35257

/s/ *Daniel H. Hunt*
**Daniel H. Hunt, Esq.**
Florida Bar No.: 121247
dhuntlaw@gmail.com
P.O. Box 565096
Miami, FL 33256
Telephone: (305) 495-5593