UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 22-cv-80693-Matthewman

BRIAN SHAND,

    Plaintiff,

v.

SEATBELT SOLUTIONS, LLC, a Florida
limited liability company, JEFF BIEGUN
HOLDINGS, LLC, a Florida limited liability company,
and JEFFERY L. BIEGUN, individually,

    Defendants.

_____/

## ORDER GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT [DE 34], APPROVING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** came before the Court upon Plaintiff Brian Shand and Defendants Seatbelt Solutions, LLC, Jeff Biegun Holdings, LLC, and Jeffery L. Biegun's (collectively, "the parties") Joint Motion for Approval of Settlement ("Motion") [DE 34]. In the Motion, the parties seek an Order approving their settlement, dismissing this action with prejudice, and retaining jurisdiction to enforce the terms of the settlement agreement.[1] *Id.* The parties also submitted for *in camera* review the fully executed Settlement Agreement and Mutual Release.

The Court held a fairness hearing via Zoom video teleconference (VTC) on November 1, 2022, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as well as a violation of section 448.102, Florida Statutes. All parties' counsel

---

[1] Although not included in the Motion, during the November 1, 2022 fairness hearing, the parties requested that the Court retain jurisdiction to enforce the terms of the settlement agreement.

1

represented that the settlement is fair and reasonable, and that Plaintiff and Defendants are in agreement with the terms of the settlement.

The Court has reviewed the Motion, the Settlement Agreement and Mutual Release, and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the settlement in this case represents a genuine compromise of a bona fide dispute, with all parties represented by competent counsel. Plaintiff is being paid an amount he believes he is owed well prior to the trial date. The parties have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the settlement—including the attorney's fees and costs reached by the parties—represents a reasonable, arm's length compromise by both sides and is fair and reasonable. Based on the foregoing, it is hereby

**ORDERED and ADJUDGED** as follows:

1. The Court finds the settlement of Plaintiff's FLSA claims and case to be fair and reasonable. The Court also finds that the settlement meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the Motion [DE 34] is **GRANTED**.
2. The parties' settlement is **APPROVED**.
3. The Court retains jurisdiction for a period of ninety (90) days from the date of this Order to enforce the terms of the parties' Settlement Agreement and Mutual Release, should such enforcement become necessary.
4. The above-style action is **DISMISSED WITH PREJUDICE**.
5. Each party shall bear its own costs and attorney's fees, other than those specified in the Settlement Agreement and Mutual Release.
6. All remaining pending motions are **DENIED AS MOOT**.

7. The Clerk of Court is directed to **CLOSE** this case.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 1st day of November, 2022.

                                                                                   WILLIAM MATTHEWMAN
                                                                                   United States Magistrate Judge